IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN J. BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-440-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Petitioner Darren J. Bell, a federal inmate, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1) and brandishing a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The bank robbery conviction served as the predicate crime of violence for Petitioner's § 924(c) conviction. Petitioner argues that, considering *Johnson v. United States*, 135 S. Ct. 2551 (2015), his bank robbery conviction cannot serve as the predicate offense for his § 924(c) conviction because § 924(c)(3)'s residual clause is unconstitutionally vague. Thus, he says, his sentence is invalid.

The Magistrate Judge recommended that Petitioner's § 2255 motion be denied and this case dismissed with prejudice. (Doc. # 16.) Petitioner objected to that

Recommendation.¹ (Docs. # 23, 27.) After an independent and *de novo* review of the record, the Recommendation, and the objections, the court will sustain the objections in part, overrule them in part, and adopt the Recommendation as modified herein.

Petitioner first objects to the Recommendation's characterization of his predicate conviction as one for "armed" bank robbery. That objection has merit. Petitioner was convicted for bank robbery under § 2113(a), which does not necessarily involve the use of a dangerous weapon. Section 2113(d) enhances the penalty if an offender uses a dangerous weapon in committing a bank robbery under § 2113(a). The Recommendation cites *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), in concluding that Petitioner's bank robbery conviction is a "crime of violence" under § 924(c)(3)'s use-of-force clause. *Hines* is not definitive because it dealt with a conviction under both §§ 2113(a) *and* (d).

Petitioner's objection does not change the result, though. The Recommendation did not solely rely on *Hines* to reach its conclusion. It correctly stated that *In re Sams*, 830 F.3d 1234 (11th Cir. 2016), which cites *Hines* in support

---

¹ The Magistrate Judge gave Petitioner an opportunity to supplement his objections after the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019) (Doc. # 24), which Petitioner did on March 22, 2019 (Doc. # 27). *Stokeling* held that Florida's armed robbery statute — which requires the offender to use enough force to overcome the victim's resistance — was a "violent felony" under the ACCA's use-of-force clause, 18 U.S.C. § 924(e)(2)(B)(i). Section 2113(a), at minimum, requires intimidation or extortion. The court need not determine whether *Stokeling* forecloses Petitioner's argument, however, because another binding case clearly answers the question presented by his petition.

of its holding, also forecloses Petitioner's position. In *Sams*, the court squarely held that "a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause." *Id.* at 1239. Though *Sams* was decided in the context of an application for leave to file a second or successive § 2255 motion, it is nonetheless binding. *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) ("[T]his Court has already held that 'our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions.'" (quoting *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015))).[2] Because his conviction under § 2113(a) is a crime of violence under § 924(c)(3)'s use-of-force clause, Petitioner is not entitled to relief under a theory that § 924(c)(3)'s residual clause is unconstitutionally vague.

Petitioner takes exception to the Eleventh Circuit's rulings that: (1) a § 2113(a) conviction is a crime of violence under § 924(c)(3)'s use-of-force clause; and (2) published orders addressing leave to file a second § 2255 motion constitute binding precedent for courts addressing the merits of those motions. This court, of course, may not entertain those arguments. There is only one Eleventh Circuit, and this is not it. *Cf. West Ala. Women's Ctr. v. Williamson*, 900 F.3d 1310, 1330 (11th

---

[2] In over forty pages of dueling opinions, the Eleventh Circuit recently reaffirmed this rule in an order deciding not to rehear *St. Hubert* en banc. *See United States v. St. Hubert*, 918 F.3d 1174, 1181–90 (Mem.) (11th Cir. 2019) (Tjoflat, J., concurring in the denial of rehearing en banc).

Cir. 2018) ("In our judicial system, there is only one Supreme Court, and we are not it.").

Accordingly, it is ORDERED:

(1) The Magistrate Judge's Recommendation (Doc. # 16) is ADOPTED as modified herein.

(2) Petitioner's objections (Docs. # 23, 27) are SUSTAINED in part and OVERRULED in part.

(3) Petitioner's § 2255 motion (Doc. # 2) is DENIED.

(4) This case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 30th day of April, 2019.

                                      /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE